JOHN H. BUTLER, Administrator, &c. et al. *v.* RICHARD R. SPANN et al.

It is impossible to lay down any universal rule as to what constitutes multifariousness in a bill, and the application of the rule is held to depend upon the particular circumstances of the case presented.

The rule of multifariousness is held not to apply where the parties have a com-

Butler et al. *v.* Spann et al.

mon interest touching the matter of the bill, although they claim under distinct titles and have independent interests; and it is the same where several matters are of the same nature as to the defendants, and of the same general right in the complainant.

Where several plaintiffs claim under one title, and bring their suit against various defendants, who claim the same estate under distinct and separate sales of different parcels thereof to them separately, where the gravamen of fraud or wrong in the sales is the same and equally applies to all, the objection of multifariousness will not apply.

The object of the rule against multifariousness is said to be to protect the defendant against unnecessary expense.

It has been held that a multiplicity of suits should be avoided, by uniting in one bill all who have an interest in the principal matter in controversy, although the interests may have arisen under distinct contracts.


ON appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

. The facts of the case are contained in the opinion of the court.


*T. J.* and *F. A. R. Wharton* for appellants.

The demurrer ought to be sustained, because

1. The *cestuis que trust* are not made parties complainant. Story, § 159, 165, 207; 2 J. Ch. R. 239; 1 Paige, R. 20.

2. The complainant sets up in his bill separate and distinct rights and interests against separate and distinct defendants, against whom there is no alleged privity or combination.

3. The trustee has no title which he can assert here; he has renounced and abandoned the trust.

4. The bill does not make such a case as entitles the complainant to the relief prayed for. Story, Eq. § 251; 1 Dan. Ch. Pr. 274, 314, 360, 362.

On the first point, not making *cestuis que trust* parties, I refer your honors, as well those for life as those in remainder, to 1 Dan. Ch. Pr. 240, 253, 259, 260, 263, 264, 267, 273, 274; Story, Eq. Pl. § 207, 277; Ib. § 207, 209, 271, 530; Cooper, Eq. Pl. 34, 182, 185; 2 Mad. Ch. 175, 176.

" Suppose an estate should be sold in lots to different persons, the purchasers could not join in exhibiting a bill against the vendor for a specific performance; for each party's case

would be distinct, and would depend upon its own peculiar circumstances, and therefore there should be a distinct bill upon each contract. On the other hand, the vendor in the like case could not be allowed to file one bill for a specific performance against all the purchasers of the estate, for the same reason." There must be a common liability to justify the joining of two or more as parties.

To the same point. Cooper, Eq. Pl. 182, 183; 2 Sch. & Lef. 367; 5 Mad. R. 138; 2 Vesey, Jr. 323.

*W. Yerger* for appellees.

The statute of limitations does not apply in this case. The defendants held under Elizabeth Spann, who, by the terms of the trust, was entitled to the possession of the slaves for life; and her possession, or the possession of those claiming under her, being rightful, and entirely consistent with the express terms of the trust, cannot be deemed adverse to the rights of the trustee. Whenever a party goes into possession of property under a legal right, and holds over after his right has expired, his possession will not be regarded as adverse to the party entitled to the reversion. *Day* v. *Prentiss*, 2 Cushm. R. 261. See also Angell on Lim. 516, 517.

The facts of this case withdraw it from the operation of the objection for multifariousness. Story, Eq. Pl. 314, 317; Ib. 517, 520.

*J. F. Foute* on the same side.

Mr. Justice HANDY delivered the opinion of the court.

This case is brought up by appeal from an order of the chancellor, overruling the demurrers of the defendants to the complainant's bill, and several grounds are urged in support of the demurrer.

First. It is said that the bill is defective because the *cestuis que trust* were not made complainants If there was any necessity for them to be made parties, this objection is obviated by the second supplemental bill in which they were made parties. But in virtue of the wills and the decree in chancery in

South Carolina, Spann, the trustee, would be invested with the right to take possession of the slaves whenever the purpose for which they were permitted to go into the possession of Elizabeth R. Spann, is defeated. By this authority he is entitled to take all necessary legal steps to protect the property against those who wrongfully have come into possession of it, and to preserve and hold it for the benefit of Mrs. Spann and the other parties interested.

Second. The statute of limitations is relied on as a bar. The bill shows that Elizabeth R. Spann was entitled to the possession of the slaves for life, and that the defendants claim to hold under her, but that their possession is in violation of the purposes for which she was entitled to possession, and wrongful. This is admitted by the demurrers, and if true, the defendants claim under her, and cannot hold a better interest than she had, which was that of a *cestui que trust.* They could not, then, set up an adverse possession against the trustee; for as that could not be done as between trustee and *cestui que trust,* it could not be done by those claiming the interest and estate of the *cestui que trust.* Angell on Limit. 516, § 7. Nor under the allegations of this bill, could the defendants claim the estate of Elizabeth R. Spann, because she was mentally, and, in point of legal capacity, incompetent to make a valid conveyance of it. Their possession cannot, therefore, be considered as adverse, and the statute of limitations cannot apply. How far the defendants may show, by proofs, that they are entitled to the benefit of the life-estate of Elizabeth R. Spann, we do not intend at present to determine, as upon that point we are not now required to express an opinion.

Third. It is urged that the bill is multifarious in uniting in it the several defendants who have acquired possession of the various slaves at different times and without any connection, who, if liable, would be accountable for different amounts and for different hires.

It is said to be impossible to lay down any universal rule as to what constitutes multifariousness. Story's Eq. Pl. § 530. And the application of the rule is held to depend upon the particular circumstances of the case presented. But it is held

not to apply when the parties have one common interest touching the matter of the bill, although they claim under distinct titles, and have independent interests. Story, Eq. § 285. So when the several matters are of the same nature as to the defendants, and in the same general right in the complainant. Mitf. Eq. Pl. 181, 182. These principles appear fully to justify the joinder of the defendants here, and in the recent case of *Gaines* v. *Chew*, 2 How. 602, the supreme court of the United States sanctions the rule, that where plaintiffs claim under one title and bring their suit against various defendants, who claim the same estate under distinct and separate sales of different parcels thereof to them separately, when the gravamen of fraud or wrong in the sales is the same and equally applies to all, the objection of multifariousness will not apply. The same rule has been held in this court in *Delafield* v. *Anderson*, 7 S. & M. 630.

The object of the rule against multifariousness is said to be to protect the defendant from unnecessary expense. 3 Mylne & Craig, 85. But it is manifest, that under the circumstances of this case, it is a great saving of expense to join all the defendants in one suit, and the prevention of multiplicity of suits is a favored object in courts of equity. And in the case of *Gaines* v. *Chew*, the court say, " whilst parties should not be subjected to expense and inconvenience in litigating matters in which they have no interest, multiplicity of suits should be avoided, by uniting in one bill all who have an interest in the principal matter in controversy, though the interests may have arisen under distinct contracts."

The decree is affirmed, and the case remanded.