## SALLIE HAMILTON *vs.* MISSISSIPPI COLLEGE.

CHANCERY PRACTICE :   *Voluntary conveyances.   Insolvent estates.*

W., who was insolvent, conveyed, fraudulently, certain real estate to Mrs. H. He died in 1872, and his estate was declared insolvent.   A bill was filed by creditors who had probated their claims, as required by the statute, but had no liens to subject the property fraudulently conveyed to their claims.   *Held,* that while courts of equity will not assist a creditor to the satisfaction of his debt out of property fraudulently conveyed by his debtor, until he has exhausted his remedy at law, yet creditors of an insolvent estate, who have probated their claims, being, in effect, prohibited from suing the executor or administrator of an insolvent estate, may resort, in the first instance, to a court of equity to subject to the payment of their claims property fraudulently conveyed by the debtor, as a court of law is inadequate by its powers to do so.

APPEAL from the Chancery Court of *Hinds* County.

Hon. HARVY R. WARE, Chancellor.

The facts in this case are fully set out in the opinion of the court.

The following error is assigned : " The court erred in overruling the demurrer filed by Mrs. Hamilton and others to the original bill."

*J. A. Brown,* for appellants :

1. It is nowhere alleged in the bill that any of complainants have a judgment and return of *nulla bona.*   The rule is laid down in Winn *v.* Barrett, 2 George, 660, that, where the estate has been declared insolvent, the debt must be established by the probate court, if not already reduced to judgment.   The bill only alleges that the estate has been declared insolvent. *The court has never proceeded to establish any of the claims. The amount of assets has never been judicially ascertained. Nor has the court proceeded, through the clerk of the court, to*

5

*ascertain the* pro rata *share of each creditor.* Code of 1871, §§ 1161, 1162. See, also, Powell, adm'r, *v.* Cooper, 42 Miss., 223. This court has no jurisdiction of a general creditor's bill for conformity in the administration. Sanders *v.* Douglas, 3 S. & M., 454 ; Hargrove *v.* Baskin, 50 Miss., 194.

2. The bill is multifarious. The land deeded by Wilburn to Mrs. Hamilton is entirely separate and distinct from the land conveyed to the children. Roberts *v.* Starke, 47 Miss., 261.

*Shelton & Shelton,* for appellees :

1. The bill alleges the insolvency of the estate ; that the claims probated are about $2,500 ; that the assets will not pay more than about 30 or 40 cents on the dollar. The bill seeks to subject the land to the payment of the debts. The court has jurisdiction. The creditors are not required to await proceedings under the Code, §§ 1161, 1162. Section 1159 prescribes the mode of sale, report, and confirmation ; this can all be done without waiting for proceedings under §§ 1161, 1162. The decree of insolvency makes the debts a specific charge on all the property, real and personal. Our position is not averse to the *dictum* in Winn *v.* Barrett, 31 Miss., 660, relied on by opposing counsel.

The administrators could not maintain such a bill, but creditors, before the time, *can.*

2. The bill seeks to set aside two deeds made by Wilburn as fraudulent. One conveys to Mrs. Hamilton a lot in Clinton, the other conveys other lands to her and her children— she to have the rents during her life for the support of herself and two children. The bill charges that both deeds are fraudulent. It is not multifarious.

SIMRALL, C. J., delivered the opinion of the court.

This is an appeal from the order of the chancellor overruling a demurrer to the bill.

Three causes were assigned :

1. The court had no jurisdiction.

2. No equity on the face of the bill.

3. Multifariousness—in that it seeks to subject two parcels of land, owned by different persons, under different deeds. The bill states this case.

The complainants are (with the exception of Hillman, the executor) the creditors of the testator, Wilburn. They have probated their claims, which have been duly registered and enrolled against his estate. These several claims, by promissory note, open account, and otherwise evidenced (as the case may be), are specifically set forth in the bill. Wilburn died in March, 1872. The estate was declared insolvent 27th January, 1874, and, from the exhibits of debts and assets, will not pay more than from 30 to 40 cents on the dollar. The will was proved and letters testamentary granted in 1872. In 1870 Wilburn, the testator, sealed and acknowleged a deed to Mrs. Hamilton, one of the defendants, to several lots in the town of Clinton. The 20th of May, 1871, he in like manner executed another deed to Mrs. Hamilton and her two infant children for a parcel of land containing 240 acres. These deeds were found by the executor among the papers of his testator, after his death. In a suit brought by Mrs. Hamilton against the executor a decree was rendered the 7th of September, 1873, directing the executor to deliver the deeds to her, saving, however, the rights of the creditors of the estate.

The complainants (except the executor) were the creditors of the testator at the dates respectively of the deeds, which were purely voluntary conveyances, the grantees parting with nothing of value. At the time Wilburn was insolvent. He continued to control and enjoy the property until his death. The doctrine is well settled, by numerous decisions in this state, that a court of equity will not assist a creditor to the satisfaction of his debt out of property fraudulently conveyed by the debtor, until he has exhausted his remedy at law. He must have a judgment and lien when he files his bill. Bank of Mississippi v. Brown, 32 Miss., 454; Farned v. Harris, 11 S. & M., 366.

These cases have application where the legal forum is open

to the creditor, and no insuperable obstacle opposes his access to the courts of law, and he is pursuing legal assets. The law of this state devotes the property, real and personal, of a decedent (subject to certain exemptions) to the payment of his debts; the real estate becomes amenable as assets upon the ascertained insolvency of the personalty. But when an estate has been declared insolvent the law forbids, in effect, a suit by a creditor against the personal representative, and declares that an equal distribution shall be made among all the creditors unless some of them have acquired liens and privileges by the act or sufferance of the decedent in his life-time.

Creditors cannot, by act of their own, or with the consent of the executor or administrator, after a declaration of insolvency, acquire a preference. The statute of frauds makes void voluntary and fraudulent conveyances as to creditors only. The statute recognizes them as valid between the parties. From that has ensued a series of adjudications which affirm that the executor or administrator, standing in privity with the fraudulent grantor, cannot set aside the conveyance; of which are Armstrong v. Stovall, 26 Miss., 275; Winn v. Barnett, 32 Miss., 632.

The aid of a court of equity is granted because the law court is incompetent by its process adequately and completely to subject the property to the debt, because the title is obscured and incumbered with a fraudulent deed.

But we have before us creditors who are shut out from a court of law for any purpose. They have established their claims by proof and registration in the chancery court, and claim that the penalty demanded by the statute of frauds on these conveyances may be enforced, and that this real estate shall be dealt with as assets for the equal benefit of themselves and other creditors. We think that they bring their case within the range and operation of the principles in Winn v. Barnett et al., 31 Miss., 653; and Snodgrass v. Andrews, 30 Miss., 486.

In the latter case reference is made to Russell v. Clark, 7

Cranch, 89, especially to the language of the chief justice to the effect that, if a claim is to be satisfied out of a fund which is accessible only by the aid of a court of chancery, "application may be made in the first instance to that court, which will not require that the claim shall be first established in a court of law."

This doctrine certainly applies if, from peculiar circumstances, creditors cannot establish their demands at law. Snodgrass v. Andrews, *supra*. That is, if they cannot sue and recover judgment against the executor or administrator.

Since these creditors have a right to a displacement of these deeds, and an administration of the property as assets of the testator, and since they have proved and registered their claims as required by §§ 1137, 1138, 1139, 1141, 1142 of the Code, which establishes them *prima facie*, it would · follow that they ought to have relief unless the appellants be right in the proposition that they must further fortify their right according to the formula prescribed in § 1161 of the Code.

That section directs that, when the estate is decreed to be insolvent, creditors, upon published notice, shall have three months to prefer, prove, and register their claims. When the time has elapsed the clerk shall make out a statement of the claims registered, and thereupon, after notice, the court shall examine and allow the claims. *Provided*, that creditors who have failed to present their claims shall not be barred as to any surplus that remains after the other debts registered and allowed have been paid.

Upon the result thus ascertained the distribution as declared in the next section shall be made.

Wilburn died the 17th of March, 1872. Letters testamentary were granted in 1872. On the 29th of January, 1874, the decree of insolvency was made; the bill was filed June 20, 1874. Whether the registration, proof, etc., of the complainant's debts were made under the 1161st section, or those previously referred to, does not appear. Whether the notice under the former section has been given or not is not stated.

The proof and registration in the first instance establishes *prima facie* the debts as against the estate. If the creditors should fail to avail of the allowance contemplated by the 1161st section, so as to share in the distribution, they are barred unless there should be a surplus.

That and the succeeding section assumes that the assets have been converted into money and are ready to be paid out to creditors. It would hardly be doubted that these complainants might have brought this suit a day or a week after the insolvent decree was pronounced. The very object of it is to bring into the estate property to be dealt with for creditors, in order that they may participate in it. These views cover all the ground embraced in the 1st and 2d causes of demurrer. The last cause of demurrer is that the bill is multifarious; that it is not, appears from the cases of Forniquet, adm'r, *v.* Forstall et al., 34 Miss., 96; Buller et al. *v.* Spann, 27 Miss., 238; Nevitt *v.* Gillespie, 1 How. (Miss.), 110; Dalafield *v.* Anderson, 7 S. & M., 630.

If there be a special objection to the bill, such as a misjoinder of plaintiffs, which can only be noticed by special demurrer, we are not disposed to consider it unless made in the court below. Such matters when pointed out in the chancery court are amendable.

Decree affirmed.