Great Western Compound Company vs. Ætna Insurance Company, imp.

GREAT WESTERN COMPOUND COMPANY VS. ÆTNA INSURANCE COMPANY, impleaded, etc.

PARTIES: PLEADING: INSURANCE. *(1) Joinder of unnecessary party not demurrable. (2) When mortgagee proper party in action on policy. (3) Effect of allegation that mortgagee's interest has ceased.*

1. Joinder of an improper defendant, does not constitute a " defect of parties defendant " within the meaning of sec. 5, ch. 125, R. S., and is no ground of demurrer.

2. Where, by the terms of a fire insurance policy, moneys due for a loss are to be paid to X. " to the extent of his mortgage interest in the premises insured," X., while he holds the mortgage interest, is a proper coplaintiff with the insured in an action on the policy, or a proper defendant if he refuses to be a plaintiff. R. S., ch. 122, sec. 20, as amended by sec. 2, ch. 91, Laws of 1859.

3. But a complaint on such policy, not making X. a plaintiff, does not show on its face defect of parties plaintiff, if it alleges that X.'s interest has ceased, though without showing whether it ceased by payment of the mortgage debt, by assignment of the mortgage, or otherwise.

APPEAL from the Circuit Court for *Winnebago* County.

The action was upon a policy of insurance issued by the defendant insurance company to the plaintiff, on a certain building, which during the life of the policy was destroyed by fire. The complaint was in the usual form of complaints in such actions, alleging the contract of insurance, the loss and due proof thereof, and compliance by the insured with all of

the conditions of the policy. Judgment was demanded against the defendant company for the amount for which the policy was issued, with interest and costs.

The complaint also contained the following averments: "That the said defendant, the *Ætna Insurance Company* of Hartford, Connecticut, by and in its said policy of insurance, agreed to pay to the defendant Jonathan Foote, moneys arising from any loss, to the extent of his mortgage interest in the premises insured; that the defendant Jonathan Foote has no interest in the premises hereinbefore described, by way of mortgage or otherwise, but that he claims an interest in the controversy in this action, adverse to this plaintiff, and is a necessary party to a complete determination or settlement of the questions involved therein."

The defendant insurance company demurred to the complaint: 1. For misjoinder of several causes of action. 2. For defect of parties defendant. 3. Because it did not state facts sufficient to constitute a cause of action. From an order overruling its demurrer, the company appealed.

The cause was submitted by both parties on briefs.

*Finches, Lynde & Miller* for appellant:

It appears from the complaint that the policy provides for payment to Foote, in the event of loss, to the extent of his interest in the premises. Hence Foote has a legal right of action upon the policy, to the extent of his mortgage, and is a necessary party plaintiff. *Brown v. Ins. Cos.*, 5 R. I., 398. Until the pleading shows affirmatively facts from which the court can see that he has not a mortgage, it must be assumed that the mortgage exists. The allegation that Foote "has no interest in the premises by way of mortgage or otherwise," states merely a conclusion of law. Plaintiff alleges that Foote has no interest, and at the same time alleges that he claims an interest adverse to him; he therefore makes him a defendant, yet asks no relief against him. But if plaintiff cannot allege facts entitling him to some relief

against Foote, the latter is not a party who claims an interest adverse to the plaintiff. *Allen v. Miller*, 11 Ohio St., 374.

*Felker & Weisbrod* for respondent:

1. Any person may be made a defendant who claims an interest adverse to the plaintiff, or is a necessary party to a complete determination of the issue. Tay. Stats., 1420, § 19. The allegation that Foote claims an interest adverse to plaintiff, is not a cause of action; he is simply made a defendant, and is notified to come in and assert his claim, if he has any. 2. The second ground of demurrer is bad for two reasons: (1) A demurrer will only lie for a lack of parties, not for an excess of parties. (2) If Foote is improperly made a party defendant, the objection must come from him. It is not the business of the insurance company to guard his rights. 26 Wis., 215. 3. It is difficult to conceive how defendant could have been benefited by a more minute statement of facts. It is not only fully apprised of the fact that Foote has no interest, but he is also made a party, so that his right to vex the defendant with further litigation is foreclosed. And the due allegation of the fact is sufficient, without detailing circumstances which constitute the evidence of it. 1 Chitty's Pl., 225; *Williams v. Wilcox*, 8 Ad. & El., 314.

. Lyon, J. There is nothing in the complaint to show that the defendant Foote is a necessary or proper party defendant to the action; and on his demurrer, probably on his motion, possibly on the motion of any other party, he would be dropped from the case. The complaint alleges that he has no interest in the insured property; and the mere fact that he claims an interest in the controversy (no relief being demanded against him) is not sufficient to make him a proper party to the action. But the demurrer of the appellant does not reach him, because his presence in the case is not a defect of parties, within sec. 5, ch. 125, R. S. See *Willard v. Reas*, 26 Wis.,

540; *Marsh v. The Board of Supervisors of Waupaca County*, 38 id., 250.

Manifestly there is no improper joinder of causes of action in the complaint; and if a cause of action is stated therein in favor of the plaintiff and against the appellant, the demurrer is not well taken.

We think the complaint states such a cause of action. The defendant Foote would have been entitled to a portion of the proceeds of the policy equal to his mortgage interest in the insured building, had he continued to hold that interest, and in such case would have been a proper coplaintiff with the insured in an action on the policy, or a proper defendant in case he refused to be a plaintiff. *Ennis v. Ins. Co.*, 3 Bosw., 516; R. S., ch. 122, sec. 20, as amended by sec. 2, ch. 91, Laws of 1859. But if his interest in the property had ceased when the action was commenced, he was not a proper party either as plaintiff or defendant, and it is substantially alleged in the complaint that his interest therein had then terminated. The complaint does not state the manner in which the interest of Foote was terminated. It may have been by payment of the mortgage debt, in which case the insured is the only proper plaintiff in the action on the policy; or it may have been by assignment of such interest by Foote to some third person, in which case the insured and such third person would be the proper plaintiffs. May on Insurance, § 449. But in the latter case, although there would be a defect of parties plaintiff, such defect does not appear on the face of the complaint, and can only be reached by answer.

In any view we have been able to take of the case, we think the demurrer was properly overruled.

*By the Court.* — Order affirmed.