JOHN TORRENT v. CARLTON J. HAMILTON ET AL.

*Equity pleading—Foreclosure of mortgages—Demurrer—Multifariousness.*

1. Where a bill is filed by the holder to foreclose four mortgages, all given by the same mortgagor, three of which cover certain portions but not all of the land covered by the fourth mortgage, which is first in priority, the mortgagor cannot demur to the bill as multifarious.

2. The substance of the rules on the subject as to what constitutes multifariousness appears to be that each case is to be governed by its own circumstances, and must be left in a great measure to the sound discretion of the court; citing 1 Daniell, Ch. Pl. & Pr. 334, and cases cited.

3. Where all of the complainants have a common interest in the whole matter comprised in the bill, the objection of multifariousness, set up by defendants who are concerned only in a portion of the subject-matter, is a question of discretion, to be determined upon considerations of convenience with regard to the circumstances of each particular case; citing 1 Daniell, Ch. Pl. & Pr. 334, and cases cited.

4. The holder of four mortgages, the first of which covered all of the land described in the three junior mortgages and other lands, filed a bill to foreclose all of the mortgages, making the mortgagor, against whom alone a personal decree was asked, a party defendant, with other parties, who were interested in portions of the mortgaged premises, to which bill the mortgagor demurred as multifarious, which demurrer is overruled.

Appeal from Muskegon. (Dickerman, J.) Argued February 8, 1893. Decided March 10, 1893.

Bill to foreclose four mortgages. Defendants Hamilton appeal. Decree affirmed, and record remanded. The facts are stated in the opinion.

*C. W. Sessions,* for complainant.

*H. L. Delano,* for appellant s.

McGRATH, J. This is a bill ·to foreclose four distinct mortgages, given by the same parties, and held by complainant. It is demurred to as multifarious.

The first mortgage is dated November 10, 1877, is for $10,500, and covers an undivided one-fourth of the following property: Blocks 341, 342, 344, and 88, and lots 4 and 5, and the westerly three-fourths of lot 3, of block 87. The amount unpaid upon the mortgage is $2,500. ·On January 31, 1881, blocks 88 and 342, and lots 4 and 5, and the westerly three-fourths of lot 3, of block 87, were subdivided into lots.

The second mortgage is dated November 2, 1886, is for $10,000, and covers block 341, subject to a lease of the westerly part thereof running to W. G. Watson & Co., but, if said Watson & Co. buy the premises so occupied, then the amount paid is to apply on said mortgage; block 344, excepting a parcel deeded to W. G. Watson & Co., a parcel deeded to Charles S. Montague, and a parcel deeded to Anna S. Hamilton; lots 2, 4, 5, 8, 11, 14, and 16 of the subdivision aforesaid. The amount unpaid is $11,000.

The third mortgage is dated April 4, 1890, is for $10,000, and covers block 341, except a parcel deeded to F. H. Johnson; block 344, excepting a parcel deeded to W. G. Watson & Co. and the Muskegon Booming Company, a parcel deeded to Charles S. Montague, a parcel deeded to James Cook, and a parcel deeded to Anna Hamilton; lots

2, 4, 5, 8, 11, 14, and 16 of the subdivision aforesaid. The amount unpaid is $11,000.

The fourth is dated August 23, 1890, is for $3,000, and covers the same property deeded in the third mortgage. The amount unpaid is $3,500.

The bill sets forth that a number of persons other than these hereinbefore named claim rights and interests in the property described in said mortgages, and makes said parties defendants.

There seems to be no abstract rule in the books which can be universally applied as to what constitutes multifariousness. Each case seems to have been determined with reference to its own facts and circumstances, and consequently the cases upon the subject are extremely various. As is said in a note to 1 Daniell, Ch. Pl. & Pr. 334:

"The substance of the rules on the subject appears to be that each case is to be governed by its own circumstances, and must be left in a great measure to the sound discretion of the court." *Clegg v. Varnell*, 18 Tex. 294; *Gaines v. Chew*, 2 How. 619; *Oliver v. Piatt*, 3 Id. 333; *Butler v. Spann*, 27 Miss. 234; *Marshall v. Means*, 12 Ga. 61; *Railroad Co. v. Railroad Co.*, 54 Me. 173, 182; *Chase v. Searles*, 45 N. H. 520; *Abbot v. Johnson*, 32 Id. 26; *Warren v. Warren*, 56 Me. 368; *People v. Morrill*, 26 Cal. 336.

Again, in a note to the same page, it is said:

"Where all the plaintiffs have a common interest in the whole of the matter comprised in the bill, the objection of multifariousness, set up by defendants who are concerned only in a portion of the subject-matter, is a question of discretion, to be determined upon considerations of convenience with regard to the circumstances of each particular case." *Coates v. Legard*, L. R. 19 Eq. 56; *Pointon v. Pointon*, 12 Id. 547; *House v. Mullen*, 22 Wall. 43; *Woodward v. Hall*, 2 Tenn. Ch. 164.

At first blush, the present case would seem to be within the ruling in *Hart v. McKeen*, Walk. Ch. 417, but there

the interests were not only distinct, but, as a foreclosure bill, there was no community of interest in the subject-matter. Here all of the defendants are proper parties to the foreclosure of the first mortgage. The ownership of all the mortgages is in complainant. The claims are of the same character. The proceeding as to all of the defendants except the mortgagor is one against property. No personal decree is prayed against any one except the mortgagor.

It was held in *Campbell v. Mackay,* 1 Mylne & C. 603, that where the plaintiffs have a common interest against all of the defendants in a suit as to one or more of the questions raised by it, so as to make them all necessary parties for the purpose of enforcing that common interest, the circumstance of some of the defendants being subject to distinct liabilities in respect to different branches of the subject-matter will not render the bill multifarious. *Attorney General v. Cradock,* 3 Mylne & C. 85, 95, 1 Jur. 556; *Hamp v. Robinson,* 3 De Gex, J. & S. 97.

In *Salvidge v. Hyde,* 5 Madd. 146, it is said that—

"In order to determine whether a suit is multifarious, or, in other words, contains distinct matters. the inquiry is not whether each defendant is connected with every branch of the cause, but whether the plaintiff's bill seeks relief in respect of matters which are in their nature separate and distinct. If the object of the suit be single, but it happens that different persons have separate interests in distinct questions which arise out of that single object, it necessarily follows that such different persons must be brought before the court, in order that the suit may conclude the whole subject."

The interests of all the defendants are best subserved by avoiding a multiplicity of suits, and the equities of each and all can be as well, if not more effectually, protected in this proceeding as in four separate foreclosure suits. Whatever complications exist are not incident to the con-

solidation, and they can be best adjusted in a single proceeding, where the court has before it all the parties and all the claims.

It is urged that the mortgagor will be prevented from redeeming such portion of the premises as he may desire; but this does not necessarily follow. As to the first mortgage, the decree would be for the amount due upon that mortgage, would run against all the parties, and provide for a sale of an undivided one-fourth interest in all of the property. As to the second mortgage, it would be for the amount of that mortgage, would run against all the parties except Watson & Co., Montague, and Anna S. Hamilton, and provide for a sale of all of the property except that held by the parties so excepted. As to the third and fourth mortgages, it would be for the amount of those mortgages, would run against all the parties except Watson & Co. and the Muskegon Booming Company, Montague, Anna S. Hamilton, Cook, and Johnson, and provide for a sale of all of the property except that held by the parties excepted. The right to redeem as to either mortgage will thus be preserved.

There is, however, a further reason why this demurrer cannot be sustained. The mortgagor and his wife, who joined in the execution of each of these mortgages, are the only parties who demur. It is well settled that for a misjoinder of parties defendant those only can demur who are improperly joined. Story, Eq. Pl. § 544; *Warthen v. Brantley*, 5 Ga. 571; *Whitbeck v. Edgar*, 2 Barb. Ch. 106; *Toulmin v. Hamilton*, 7 Ala. 362; *Miller v. Jamison*, 24 N. J. Eq. 41; *Gartland v. Dunn*, 11 Ark. 720; *Payne v. Berry*, 3 Tenn. Ch. 154; *Christian v. Crocker*, 25 Ark. 327; *Compound Co. v. Insurance Co.*, 40 Wis. 373; *Cherry v. Monro*, 2 Barb. Ch. 618; *Sweet v. Converse*, 88 Mich. 1. There is no misjoinder of claims as against the mortgagor. The parties not interested in all of the mortgages do not com-

plain, and why should the mortgagor be heard to complain because such non-complaining parties have been joined in a proceeding in which he has an interest, although not one in common with all of the defendants?

"What is more familiarly understood by the term 'multifariousness,' as applied to a bill, is where a party is able to say he is brought as a defendant upon a record, with a large portion of which, and of the case made by which, he has no connection whatever." 1 Daniell, Ch. Pl. & Pr. 335.

In *Brookes v. Whitworth*, 1 Madd. 86, it is said:

"A defendant has a right to insist that he is not bound to answer a bill containing several distinct and separate matters, relating to individuals with whom he has no concern."

There is no reason why the principle of the rule above stated should not apply with equal force to a misjoinder of matters when there is no misjoinder as to the party demurring.

The decree of the court below is therefore affirmed, with costs to complainant and against appellants.

The record will be remanded, and appellants will have 20 days in which to answer.

The other Justices concurred.