DENSMORE v. SAVAGE.

1. MORTGAGES—EQUITABLE ASSIGNMENT. .
    The right of a mortgagee may be transferred either by a legal
    or an equitable assignment.

2. SAME—RIGHT OF ASSIGNEE TO SUE IN HIS OWN NAME.
    An executor who, in the lifetime of his decedent, took an
    equitable assignment of a mortgage owned by the latter, may
    file a bill in his own name to have the mortgage revived,
    where, under a mistake of fact as to the existence of another
    lien on the property, the mortgage was discharged, and
    replaced by another mortgage, which was recorded subse-
    quent to such lien.

3. EQUITY PLEADING—MULTIFARIOUSNESS.
    A bill is not rendered multifarious by the fact that different
    kinds of specific relief are asked in relation to the same sub-
    ject-matter, against the same parties, and in favor of the
    same persons.

Appeal from Antrim; Corbett, J.   Submitted June 10,
1896.   Decided June 30, 1896.

Bill by Francis E. Densmore against Fanny J. and
Eugene R. Savage and Milton F., Clark C., and Harry
G. White, to revive and foreclose a mortgage.   From a
decree dismissing the bill on demurrer, complainant
appeals.   Reversed.

*Lawton T. Hemans* (*John M. Corbin*, of counsel),
for complainant.

*Nelson C. Weter*, for defendants White.

MOORE, J.   Complainant filed a bill, in which he
alleged that in 1892 Fanny J. Savage made a real-estate
mortgage to the father of complainant for $3,000, to
secure a note made by herself and Eugene R. Savage,

which mortgage was properly executed and recorded; that on January 11, 1895, the other defendants sued out a writ of attachment against the goods and chattels of Fanny J. Savage, and upon the same day caused a levy to be made upon the same lands described in the foregoing mortgage. The bill also alleges that on March 22, 1895, complainant's father had been in declining health, and was unable to attend to or care for his business affairs; that he had made a final disposition of his estate by will, in which he bequeathed the mortgage herein and other mortgages to complainant; that he had informed complainant of this disposition of this mortgage. The bill also alleges that complainant and his father regarded the amount due on the mortgage, March 22, 1895, as being in excess of the value of the mortgaged premises, and that an arrangement was made between complainant, his father, and Fanny J. Savage by which Fanny J. Savage made a new mortgage running to the complainant, which was to take the place of the mortgage made in 1892, for which mortgage the father of complainant made a discharge. The discharge and new mortgage were neither of them to have any force or effect, or to be put upon record, in case any change of the title of the premises or any lien or incumbrance had been put upon them since the mortgage of 1892 was made. The bill further alleges that the papers were forwarded to the register of deeds with instructions to examine the records, and, if no change had been made to the title of the premises, nor any liens or incumbrances put upon them, to record the discharge and the new mortgage. The bill alleges that when the new mortgage was made neither the complainant nor his father had any knowledge of the lien claimed by defendants White, White, and White, and that an examination of the records by the register of deeds, March 29th, did not show any change in the title to the premises, and that the discharge of the mortgage and the new mortgage were then put upon record. The bill further alleges that, at the time of this examination by the

register of deeds, no certified copy of the writ of attachment was in the register's office, and that it was afterwards fraudulently transferred from the office of the county clerk to the office of the register of deeds, and the record was fraudulently made so as to show the record of attachment to be of a date prior to the recording of complainant's mortgage. There are other allegations in the bill, which it will not be necessary to state here further than to say it is alleged that the father of complainant afterwards died, leaving a last will and testament, bequeathing to the complainant this and other mortgages in question, which will was probated, and that all of said defendants claim to have interests in the premises. The complainant asked that the discharge of the mortgage executed by Fanny J. Savage to his father be set aside, and the mortgage be revived, and be assigned to complainant, and asked for a foreclosure of the mortgage, and also prayed that, if this relief could not be granted, the attachment levy be held to be subsequent and subject to the mortgage lien of the last-mentioned mortgage. There was also attached a general prayer for relief.

The defendants Savage and Savage answered, admitting the material things stated in the bill of complaint, but denied any knowledge of the attachment proceedings; denied any indebtedness by either of them to White, White, and White; and admitted, substantially, that complainant was entitled to relief as prayed for. The defendants White, White, and White demurred to the bill on the grounds: *First*, that it does not state a cause of action; and, *second*, because it is multifarious. The circuit judge sustained the demurrer and dismissed the bill.

The appellees insist that the bill of complaint should have been filed by the complainant as executor, and not as an individual, and cite a great many cases in support of that contention. This view was accepted by the circuit judge. We think a careful inspection of the allegations

of the bill shows that the result of the acts of Mrs. Savage, the complainant, and his father, in March, 1895, taken in connection with the will, and the information that the father had imparted to the son prior thereto and at that time, operated as an equitable assignment by the father to his son of the mortgage of 1892, and that he properly filed this bill, not as an executor, but as an individual. It has been repeatedly held that the right of a mortgagee may be transferred either by a legal or an equitable assignment, and either will suffice. *Niles* v. *Ransford*, 1 Mich. 338; *Hoffman* v. *Harrington*, 33 Mich. 394. Mortgages may be transferred without writing. *Nims* v. *Sherman*, 43 Mich. 45.

It follows that, if the mortgage was equitably assigned to complainant, he is entitled to maintain his bill, unless it ought to be dismissed upon the ground that it is multifarious. It has been held that because the prayer of a bill in chancery asks for different kinds of specific relief in relation to the same subject-matter, against the same parties, and in favor of the same persons, it does not make the bill multifarious. *Cleland* v. *Casgrain*, 92 Mich. 139. "The substance of the rules on the subject appears to be that each case is to be governed by its own circumstances, and must be left in a great measure to the sound discretion of the court." Daniell, Ch. Pl. & Prac. 334, note 2; *Torrent* v. *Hamilton*, 95 Mich. 159. We do not think the bill multifarious, and the cause is remanded, with leave to defendants to answer over.

The decree of the court below is reversed, with costs to complainant against defendants White, White, and White.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.