LONG POINT DEVELOPMENT ASS'N v. McINTOSH.

1. INJUNCTION—RESTRAINING ACTION AT LAW—ADEQUATE REMEDY AT LAW.

Where plaintiff filed a bill to enjoin defendants from maintaining a garnishment suit upon certain contracts for broker's commissions for selling lands, representing that there existed an oral arrangement between them and their agents, including plaintiff, that they would set off their commissions against certain sums due to the company upon land contracts, and complainant prayed for an injunction and for an accounting under the contracts, the bill was not multifarious, and presented a case for equitable cognizance.

2. SAME—JUDICATURE ACT—STATUTES—REPEAL—COURTS.

The exception to Act No. 283, Pub. Acts 1915, relating to injunctions staying proceedings in State or Federal courts, and limiting authority to issue the same to a judge having the same territorial jurisdiction, is repealed by the judicature act. 3 Comp. Laws 1915, § 12004 *et seq.* The general repealing clause, referring to acts inconsistent therewith, repealed the pre-existing statute, since the last clause, omitted in the judicature act, was not consistent with the new statute.

Appeal from Cheboygan; Shepherd, J. Submitted June 12, 1916. (Docket No. 33.) Decided December 21, 1916.

Bill by the Long Point Development Association against John S. McIntosh and Paul D. Wampler, copartners as McIntosh & Wampler, for an injunction against an action at law and for other relief. Defendants filed a motion to dismiss the bill. From an order denying the motion, defendants appeal. Affirmed.

*Victor D. Sprague,* for complainant.

*Coumans & Gaffney,* for defendants.

KUHN, J. This is an appeal from the order of the trial court denying a motion to dismiss the bill of complaint filed in the cause on the ground that it is multifarious and that the plaintiff has an adequate remedy at law.

The averments of the bill set up, in substance: That the defendants, as copartners, have a written contract with the plaintiff to act as its selling agents of certain tracts of orchard land, on which contract there was due and unpaid on October 1, 1915, approximately $1,-500 of earned commissions. That the defendants, individually, have certain contracts with the plaintiff for the purchase of certain orchard tracts from it, upon which contracts moneys fall due on December 18th of each year. That there was a verbal understanding, and by long practice it has been the custom of the parties, to set off against the commissions owed by plaintiff to the defendants the sums due plaintiff from the defendants on those contracts. That on October 1, 1915, the defendants commenced suit against the plaintiff in the circuit court for Bay county claiming that there was due from plaintiff to the defendants the sum of $2,000 over and above all legal set-offs, and began garnishment proceedings against 14 persons who were indebted to the plaintiff; and it appeared that the plaintiff herein has not been served or appeared as defendant in that suit. That on December 1, 1915, a suit was begun in the circuit court for the county of Cheboygan by one Stephen D. Corvin as plaintiff against McIntosh & Wampler, defendants herein, as defendants, in which suit it was claimed that there was due him from the defendants the sum of $1,075, and the plaintiff in this suit was made garnishee defendant therein.

On January 1, 1916, the bill of complaint in this cause was filed alleging the above facts and the claim that the suit in Bay county was maliciously instituted by the plaintiff therein for the purpose of embarrassing and harassing the plaintiff in the sale of its orchard lands. The bill prayed for the following relief:

(a) Injunctive relief against McIntosh & Wampler from prosecuting their suit instituted in Bay county.

(b) Injunctive relief against the garnishee proceedings in the same court, and that the defendants therein be ordered to pay over any money due from them to plaintiff.

(c) An accounting between plaintiff and defendants, as individuals and copartners, praying an application of the moneys according to the equity set up in the bill.

(d) Injunctive relief against Corvin prosecuting his garnishment suit in the Cheboygan county court against complainant, and that the moneys garnisheed by Corvin be released from garnishment and applied as directed in the accounting.

Appellants seek to review here the refusal of the lower court to dismiss the bill for the two reasons stated above.

We do not think that it can be said that the bill in question is multifarious under the authority of the following cases: *Torrent* v. *Hamilton,* 95 Mich. 159 (54 N. W. 634) ; *Densmore* v. *Savage,* 110 Mich. 27 (67 N. W. 1103) ; *Cleland* v. *Casgrain,* 92 Mich. 139 (52 N. W. 460). See, also, Puterbaugh's Michigan Chancery, pp. 22-24.

In *Torrent* v. *Hamilton, supra,* in discussing the question of multifariousness, this court quoted the following from 1 Daniell, Ch. Pl. & Pr. p. 335:

"What is more familiarly understood by the term 'multifariousness,' as applied to a bill, is where a party is able to say he is brought as a defendant upon a record, with a large portion of which and of the case made by which he has no connection whatever."

Can it be said that the appealing defendants here are brought in "upon a record a large portion of which and of the case made by which he has no connection"? We think not, for they are certainly interested in the commission-selling contract; they are interested in the moneys due thereunder and the suit they brought to recover the same; they are interested in the orchard contracts and the moneys due thereunder; and they are interested in the suit brought against them by Mr. Corvin and in the garnishment of the moneys claimed to be due them from the plaintiff.

It is the plaintiff's claim that the object of the bill is to protect the plaintiff's rights which are centered in $1,500 of selling commissions. The plaintiff claims that money to apply on the orchard contracts. The appealing defendants claim the money, and the defendant Corvin claims the money, and the only object of the bill seems to be the determination of its disposition. Counsel for plaintiff do not contend that they are seeking to compel Corvin and McIntosh & Wampler to litigate their demands in this suit, and no interference with that suit is sought, although such a suggestion is made in the bill; it being now stated that it was intended only as a suggestion.

With reference to the claim that the plaintiff has an adequate remedy at law, it is the plaintiff's contention that the oral agreement or verbal understanding as to the settlement to be made each year was not a legal contract enforceable at law, but was an equitable understanding and one which could only be urged in a court of equity. The averments of the bill being taken as true on the hearing of this motion, we are of the opinion that it cannot be said that the plaintiff had an adequate remedy at law.

In this court it is also charged that the circuit court of Cheboygan county did not have jurisdiction to restrain the suit in Bay county by reason of the following

provision of Act No. 283, Pub. Acts 1915 (3 Comp. Laws 1915, § 12662) :

"No injunction shall issue to stay the trial of any personal action in a court of law, until the party applying therefor shall execute a bond, with one or more sufficient sureties, to the plaintiff in such action at law in such sum as the circuit judge or other officer allowing the injunction shall direct, conditioned for the payment to the said plaintiff, or his legal representatives, of all moneys which may be recovered by such plaintiff, or his representatives, or the collection of which may be stayed by such injunction in such action at law for debt or damages and for costs therein; and also for the payment of such costs as may. be awarded to them in the court in chancery, in the suit in which. such injunction shall issue; *but no writ of injunction shall issue from any court of this State which will operate to stay any suit or proceeding pending in any court of the United States, or in any other court of this State, except it be issued by a judge of the court having the same territorial jurisdiction as the court in which such suit or proceeding is pending.*"

During the same session of the legislature, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 12004 *et seq.*), known as the "judicature act," was passed, and by that act all acts or parts of acts inconsistent with and contrary to its provisions were repealed. Said Act No. 283, Pub. Acts 1915, was re-enacted, except the portions of the act italicized above, which was omitted. In our opinion it must be said that said Act No. 314 repealed so much of Act No. 283 as is clearly inconsistent with its provisions. Act No. 283, Pub. Acts 1915, was in force and effect from August 25 to January 1, 1916, when the judicature act went into effect. The bill of complaint in this case was filed January 1, 1916, and the injunction was issued January 10, 1916, so that it appears that neither the bill nor the injunction can be said to be affected by said Act No. 283, Pub. Acts 1915, which was not then in force.

Being of the opinion that the bill of complaint sets up grounds for equitable relief, we affirm the order of the circuit judge denying the motion to dismiss, with costs to the appellee. The case will be remanded to the circuit court in chancery; the defendants to file their answer within 15 days thereafter.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.